IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY PAUL ALEXANDER, | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | § No. 3:17-cv-1917-B-BN |
| | § |
| TRACY ESTRADA, ET AL., | § |
| | § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction and for Plaintiff Timothy Paul Alexander's failure to prosecute and obey an order of the Court.

**Applicable Background**

On July 21, 2017, Judge Boyle entered an order denying Alexander preliminary-injunctive relief. *See* Dkt. No. 6. That order set out reasons why it appears that this Court lacks subject matter jurisdiction over this action under the *Rooker-Feldman* doctrine. *See id.* (further observing that Alexander's request that this Court stay a pending state appellate proceeding also implicates abstention under *Younger v. Harris*, 401 U.S. 37 (1971)).

The next Monday, the undersigned, citing Judge Boyle's order, ordered Alexander to file no later than August 23, 2017 a written response to show the Court that it has subject matter jurisdiction over this lawsuit. *See* Dkt. No. 7. That order further provided:

> Alexander's motion for leave to proceed *in forma pauperis* ("IFP") [Dkt. No. 3] lacks sufficient financial information to allow the Court to determine whether Alexander may proceed IFP. That application reflects that Alexander has no income and no assets – at all. To the extent that is true, Alexander must explain to the Court how he obtains the necessities of life (such as food and shelter). And, to the extent that Alexander does receive income or other assistance (including from government-assistance programs, through charity, or from family or friends), his financial affidavit must document that income or assistance.
> The Court therefore ORDERS Alexander to file no later than August 23, 2017 a revised IFP motion that is consistent with the requirements set out in this order.

*Id.* at 2-3 (emphasis omitted; further warning Alexander an IFP affidavit presenting allegations of poverty that are untrue subjects an action to dismissal (citing *Castillo v. Blanco*, 330 F. App'x 463, 467 (5th Cir. 2009) (per curiam) (holding "that the district court correctly found that the allegations of poverty in Castillo's § 1915 affidavits were untrue, and properly dismissed the case" (citing *Lay v. Justices-Middle Dist. Court*, 811 F.2d 285, 285 (5th Cir. 1987))))).

And the Court cautioned Alexander that "[f]ailure to comply with this order will result in a recommendation that the complaint be dismissed for either lack of subject matter jurisdiction (under Federal Rule of Civil Procedure 12(h)(3)), and/or under 28 U.S.C. § 1915(e)(2)(A), and/or for failure to prosecute (under Federal Rule of Civil Procedure 41(b))." *Id.* at 3.

As of today, it is almost one month past the deadline to comply with the Court's July 24, 2017 order – and more than two months since Alexander filed this action – and Alexander has failed to respond to the applicable order or otherwise contact the Court.

## Legal Standards and Analysis

<u>Subject Matter Jurisdiction</u>

Federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), particularly when – as is the case here – a plaintiff's complaint fails to make it apparent that subject matter jurisdiction exists.

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Alexander chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

As the Court explained in its order denying preliminary-injunctive relief,

> [t]hrough this action, Alexander, arguing that his rights to due process and equal protection have been violated, *see* Dkt. No. 1 at 3, essentially seeks to appeal to this Court an Ellis County justice of the peace decision adverse to him, *see* Dkt. No. 1-1. Although Alexander has appealed that decision to county court, he relates that, when he filed this action in this Court, he "had decided that due to [one defendant's] standing in [the] community [he] can not receive a fair trial in [E]llis [C]ounty courts." *Id.* at 5 (further relating that he "felt filing for Federal jurisdiction would be my next step being [that] my constitutional rights have been violated"); *see also* Dkt. No. 1-2 (explaining and his "irreparable injury" is that he is "being unfairly treated by an Ellis [C]ounty [JP] court and stand to become homeless if [he does] not receive relief with an injunction to stay the [state] legal proceeding").
> 
> To the extent that, through this action, Alexander seeks to appeal a state-court decision to this Court, because (he contends that) the state court violated his constitutional rights, this action is a text-book example of a case barred by the *Rooker-Feldman* doctrine, under which a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered

before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("under [*Rooker-Feldman*] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights" (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923))); *see also Brown v. Taylor*, 677 F. App'x 924, 927 (5th Cir. 2017) (per curiam) (summarizing the doctrine and its applicability to cases in which a plaintiff's claims "assert as a legal wrong" or "invite direct review and rejection of" a state court's decision); *id.* ("To determine if *Rooker-Feldman* applies, courts look to the source of the federal plaintiff's alleged injury and what the federal court is being asked to review and reject. Review is barred if a claim 'asserts as a legal wrong an allegedly erroneous decision by a state court' and requires the court to review and reject the state court's decision." (citing and quoting *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382-83 (5th Cir. 2013) (in turn quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)); internal quotation marks omitted)).

      Because it appears, under *Rooker-Feldman*, that this Court lacks jurisdiction over Alexander's claims, there has been no showing of a substantial likelihood of success on the merits. *See Anderson v. Oakley*, 77 F.3d 475, 1995 WL 798510, at *1 (5th Cir. Dec. 20, 1995) (per curiam) ("The district court did not abuse its discretion in denying Anderson's motion for a preliminary injunction. Anderson failed to demonstrate a substantial likelihood of success on the merits because the district court lacked federal jurisdiction." (citing *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 475)); *see, e.g., Obafunwa v. SCDF Loan & Technical Assistance Fund, Inc.*, No. 6:16-cv-1169, 2016 WL 4626599, at *2 (W.D. La. Sept. 2, 2016) ("Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review state court decisions. Therefore, there is no likelihood of success on the merits of Plaintiff's request that this Court review the [state judgment].").

      Further, to the extent that Alexander requests that this Court stay the state appellate proceeding pending at the time he filed this action, *see* Dkt. No. 1-2, that request appears based on Alexander's desire to have this Court – not a state court in Ellis County – review the decision of the justice of the peace. That desire is barred by *Rooker-Feldman* and also implicates *Younger v. Harris*, 401 U.S. 37 (1971).

      Under *Younger*, abstention "is appropriate when federal court jurisdiction would interfere with pending criminal, civil, or

administrative state proceedings." *Symetra Life Ins. Co. v. Rapid Settlements Ltd.*, Civ. A. No. H-05-3167, 2007 WL 114497, at *32 (S.D. Tex. Jan. 10, 2007) (citations omitted). And a federal action requesting an "injunction, whether preliminary or permanent, [that] falls squarely within the *Younger* abstention doctrine" has no "likelihood of success on the merits." *Chae Mun v. Spector*, No. C13-0486RSL, 2013 WL 1748444, at *1 (W.D. Wash. Apr. 23, 2013).

Dkt. No. 6 at 2-4.

For these reasons, it is apparent that the Court lacks subject matter jurisdiction. *See, e.g., Anderson*, 1995 WL 798510, at *1; *Obafunwa*, 2016 WL 4626599, at *2. The Court should therefore dismiss this action without prejudice.

<u>Failure to Prosecute</u>

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

Although "[l]esser sanctions such as fines or dismissal without prejudice

>are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By failing to comply with the Court's July 24, 2017 order, Alexander has prevented this action from proceeding, and he therefore has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Alexander decides comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of

y

Civil Procedure 12(h)(3) and 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 21, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE